# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00390-CR

---

**Eric Wayne Donaldson, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2014-499, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Eric Wayne Donaldson of six felony offenses—one count of theft of property valued at $1,500 or more but less than $20,000, *see* Tex. Penal Code § 31.03(a), (e)(4)(A); four counts of theft of property valued at less than $1,500 with two prior theft convictions, *see id.* § 31.03(a), (e)(4)(D); and one count of fraudulent use or possession of identifying information, *see id.* § 32.51(b)(1), (c)(2).[1] Appellant elected to have the trial court decide his punishment, *see* Tex. Code Crim. Proc. art. 37.07(2)(b), and the court assessed appellant's punishment, enhanced pursuant to the habitual offender provisions of the Penal Code, *see* Tex. Penal Code §§ 12.42(d), 12.425(b), at confinement in the Texas Department of Criminal

---

[1] Effective September 1, 2015, subsection (e) of the theft statute was amended to change the value ladder and offense classification scheme for the offense. *See* Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 2, sec. 31.03, 1973 Tex. Gen. Laws 883, 929–30, *amended by* Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10, sec. 31.01, 2015 Tex. Gen. Laws 4209, 4213–14 (current version at Tex. Penal Code § 31.03(e)). However, because the value and classification changes in the statute are not implicated by the issues in this appeal, we cite to the current version of the statute for convenience.

Justice for twenty years for each of the theft offenses and for forty years for the fraudulent use or possession of identifying information. On appeal, appellant challenges this Court's pretrial resolution of his successive-prosecutions double-jeopardy claim and complains about an illegal sentence. We affirm the judgments of conviction.

## BACKGROUND

On March 5, 2014, a Hays County grand jury indicted appellant in cause number CR-14-0122 for two offenses: credit card abuse committed against an elderly individual, *see id.* § 32.31(b), (d), and fraudulent use or possession of identifying information of less than five items committed against an elderly individual, *see id.* § 32.51(b)(1), (c)(1), (c-1)(1). In both counts, Patricia Ross is named as the elderly individual.[2]

On November 5, 2014, a Comal County grand jury indicted appellant in cause number CR2014-499 for six offenses: one count of theft of property valued at $1,500 or more but less than $20,000, *see id.* § 31.03(a), (e)(4)(A); four counts of theft of property valued at less than $1,500 with two prior theft convictions, *see id.* § 31.03(a), (e)(4)(D); and one count of fraudulent use or possession of identifying information of five or more but less than ten items, *see id.* § 32.51(b)(1), (c)(2). In all six counts, Patricia Ross is named as the person owning the property or to whom the identifying information belongs.

Both indictments arose, at least in part, out of the same theft incident that occurred in Comal County where, on or about December 23, 2013, appellant stole Patricia Ross's purse from her shopping cart as she was shopping. The record indicates that appellant was subsequently arrested in Hays County when he was caught in the process of

---

[2] The count charging fraudulent use or possession of identifying information named three additional people as individuals to whom the identifying information belonged.

2

stealing another woman's purse. When he was arrested for that incident, appellant had Ross's identifying information on his person. The State does not dispute—and the evidence at trial reflects—that there was only one incident of theft from Ross—that is, that all of the items stolen from Ross that are the subject of the two indictments at issue were obtained when her purse was stolen in December 2013.

On February 17, 2015, appellant pled guilty pursuant to a plea bargain to both counts of the Hays County indictment in cause number CR-14-0122. In accordance with the plea agreement, he was sentenced to seven years in the Texas Department of Criminal Justice on each count, with the sentences to run concurrently.

On November 10, 2015, appellant filed a motion to quash the Comal County indictment in cause number CR2014-499, asserting that his prosecution for fraudulent use or possession of identifying information in Comal County was barred by his previous conviction in Hays County for fraudulent use or possession of identifying information of an elderly individual because the count alleging the offense, Count VI, "[was] factually the same criminal episode as prosecuted in Hays County." After a hearing, the trial court agreed and quashed Count VI of the indictment, barring prosecution for that offense. The State appealed the trial court's order. *See* Tex. Code Crim. Proc. art. 44.01(a)(1) (providing that State may appeal from dismissal of any portion of indictment).

This Court reversed the trial court's order quashing Count VI of the indictment, concluding that "the trial court erred in concluding that the Comal County count charging fraudulent use or possession of identifying information subjected [appellant] to double jeopardy for the same offense." *State v. Donaldson*, 557 S.W.3d 33, 50 (Tex. App.—Austin 2017, no pet.). Specifically, we held,

The record before us does not demonstrate that the Comal County charge for fraudulent use or possession of identifying information is based on the same units of prosecution—that is, the same items of identifying information—as the Hays County conviction for fraudulent use or possession of identifying information. Therefore, the record does not demonstrate that the offenses are the same for double jeopardy purposes. Consequently, Donaldson has not met his burden of proving prior jeopardy.

*Id.* We remanded the cause for further proceedings consistent with our opinion. Subsequently, appellant was tried by a jury and convicted as described above.

## DISCUSSION

Appellant raises two points of error in connection with his conviction for fraudulent use or possession of identifying information. First, he asserts that, because this Court erroneously reversed the trial court's order quashing Count VI of the indictment, he suffered a double-jeopardy violation since he was required to defend himself twice for that offense. Second, appellant claims that, because his conviction for that offense violated the prohibition against double jeopardy, his forty-year sentence for that offense is illegal.

### Double Jeopardy

In his first point of error, appellant contends that this Court improperly reversed the trial court's order quashing Count VI of the indictment. He argues that we did not apply the proper standard when conducting our double-jeopardy analysis and that we erred in concluding that the record failed to demonstrate that the Hays County offense and Comal County offense were factually the same. He asserts that, as a result, "the Trial Court and the Appellate Court committed harmful error" "[b]y requiring [appellant] to defend himself twice."

4

As an initial matter, we note that the proper vehicle for challenging this Court's prior decision is a petition for discretionary review in the Court of Criminal Appeals. *See* Tex. R. App. P. 68.1 ("On petition by any party, the Court of Criminal Appeals may review a court of appeals' decision in a criminal case."); 43B George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 57:1 (3d ed.) (noting that either party to criminal case decided by court of appeals has statutory right to seek review by Court of Criminal Appeals and explaining that vehicle for pursuing such review is petition for discretionary review or "PDR"); Tex. Code Crim. Proc. art. 44.45(b)(1) ("The state or a defendant in a case may petition the Court of Criminal Appeals for review of the decision of a court of appeals in that case."). Appellant did not seek discretionary review of this Court's decision reversing the trial court's order quashing Count VI of the indictment in this case.

Regarding appellant's complaint that the trial court erred by allowing the prosecution for fraudulent use or possession of identifying information to proceed, we observe that, after the time for seeking discretionary review of our prior decision had expired—without appellant seeking review of our decision—the clerk of this Court issued a mandate in accordance with our judgment. *See* Tex. R. App. P. 18.1. The mandate is the formal command from an appellate court commanding the lower court to comply with the appellate court's judgment. *Texas Parks & Wildlife Dep't. v. Dearing*, 240 S.W.3d 330, 347 (Tex. App.—Austin 2007, pet. denied); *see In re State*, 159 S.W.3d 203, 210 (Tex. App.—Austin 2005, orig. proceeding) ("An appellate mandate is a command of the court, which the court is authorized to give and which must be obeyed."); *see also Mandate*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining mandate as "[a]n order from an appellate court directing a lower court to take a specified action").

Upon receiving the appellate court's mandate, the lower court has a mandatory, ministerial duty to enforce the appellate court's judgment. *Dearing*, 240 S.W.3d at 347; *In re Marriage of Grossnickle*, 115 S.W.3d 238, 243 (Tex. App.—Texarkana 2003, no pet.); *see* Tex. R. App. P. 51.2 ("When the trial court clerk receives the mandate, the appellate court's judgment must be enforced[.]"). The lower court has no discretion to review, interpret, or enforce the mandate but, instead, must carry out the mandate. *Dearing*, 240 S.W.3d at 347; *State*, 159 S.W.3d at 210; *Grossnickle*, 115 S.W.3d at 243; *see Mandate Rule*, Black's Law Dictionary (11th ed. 2019) ("The doctrine that, after an appellate court has remanded a case to a lower court, the lower court must follow the decision that the appellate court has made in the case, unless new evidence or an intervening change in the law dictates a different result.").

Under these circumstances, the trial court had no choice but to follow the decision of this Court and allow the prosecution of the offense of fraudulent use or possession of identifying information alleged in Count VI to proceed. We fail to see how the court committed error by following our decision and complying with the judgment of this Court.

To the extent that appellant seeks to relitigate his double-jeopardy claim in this appeal, our prior decision became the law of the case. The "law of the case" doctrine provides that an appellate court's resolution of questions of law in a previous appeal of the same case are binding in subsequent appeals concerning the same issue. *State v. Swearingen*, 478 S.W.3d 716, 720 (Tex. Crim. App. 2015); *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987). "[W]hen the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution." *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014); *accord Ware*, 736 S.W.2d at 701.

This Court has already ruled on appellant's double-jeopardy claim in this case—the identical legal issue that he attempts to assert again on appeal. Appellant has not shown that any intervening factual or legal developments would call our previous decision concerning his double-jeopardy claim into question. Thus, we will not revisit our conclusions that the record does not demonstrate that the offenses are the same for double-jeopardy purposes and, thus, that appellant failed to carry his burden of proving prior jeopardy. *See Fuelberg v. State*, 410 S.W.3d 498, 503 (Tex. App.—Austin 2013, no pet.) ("Under the law-of-the-case doctrine, a court of appeals is ordinarily bound by its initial decision on a question of law if there is a subsequent appeal in the same case." (quoting *Dearing,* 240 S.W.3d at 348)).

For the above reasons, we overrule appellant's first point of error.

### Illegal Sentence

In his second point of error, appellant argues that his forty-year sentence for fraudulent use or possession of identifying information is illegal because his conviction for that offense violated the prohibition against double jeopardy.

However, this Court previously concluded that prosecution for the fraudulent use or possession of identifying information was not barred by double jeopardy. *See Donaldson*, 557 S.W.3d at 50. Therefore, his conviction for that offense does not violate double jeopardy. Consequently, contrary to appellant's contention, the resulting sentence for that offense is not an illegal sentence that violates double jeopardy. We overrule appellant's second point of error.

**CONCLUSION**

Having overruled appellant's two points of error, we affirm the trial court's judgments of conviction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   August 22, 2019

Do Not Publish