# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00008-CR

---

### Ex parte Joshua Hernandez

---

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY
### NO. CR2024-158D, THE HONORABLE DAVID C. HAGERMAN, JUDGE PRESIDING

---

## O P I N I O N

A jury acquitted appellant Joshua Hernandez of continuous sexual abuse of his adopted daughter, Hailey Smith.[1]  Following the acquittal, the State indicted Hernandez for indecency with a child by sexual contact likewise committed against Hailey.  The State alleged that the contact occurred during the time period that served as the basis for a charged predicate offense for the continuous-sexual-abuse allegation.  Hernandez filed a pretrial application for writ of habeas corpus and special plea challenging the indictment, which the trial court denied.  On interlocutory appeal, Hernandez contends that the indictment is barred by double jeopardy and the doctrines of *res judicata* and collateral estoppel and that the State's prosecution is vindictive.[2]  We affirm the trial court's order denying Hernandez's habeas application.

---

[1]  Because Hailey was a minor at the time of the alleged offense, we refer to her using a pseudonym in the interest of privacy.  *See* Tex. R. App. P. 9.10(a)(3).

[2]  Hernandez separately contends that the trial court erred by denying his special plea.  This issue appears to be subsumed by the other two issues.

## BACKGROUND

In 2021, the State charged Hernandez in a two-count indictment with continuous sexual abuse of a young child and indecency with a child by sexual contact. *See* Tex. Penal Code §§ 21.02, .11. Count one alleged that from on or about December 25, 2015, through on or about February 15, 2021, Hernandez on multiple occasions touched Hailey's genitals or caused Hailey to touch his genitals. Count two specifically alleged that he touched her genitals on or about February 15, 2021. Before closing arguments, the State elected to proceed on count one and abandoned count two.

Hailey, who was fifteen at the time of trial in 2024, testified in relevant part about an assault that occurred on February 15, 2021, in which Hernandez touched her vagina over her underwear. When asked where else he had touched her, she answered, "His hand also touched my boobs." On cross-examination, defense counsel noted that the breast-touching allegation was "not included in the indictment." Hailey testified that the touching had been "skin to skin" and that she did not remember "the exact number" of times that Hernandez touched her breasts.

Of particular concern to the parties and trial court during the charge conference was the court's venue instruction. The court instructed the jury—over the State's objection—that continuous sexual abuse of a young child "is an offense under Title 5, Penal Code, involving a victim younger than 18 years of age," and that the jury must acquit Hernandez if it did not find by a preponderance of the evidence that the offense:

> (A) resulted in bodily injury . . . to a child younger than 18 years of age; and
> (B) that Comal County, State of Texas, is the venue
>     1. in which an element of the offense was committed;
>     2. in which the Defendant is apprehended;
>     3. in which the victim resides; or
>     4. in which the Defendant resides.

2

The jury returned a general verdict of "not guilty."

In March 2024, three months after the acquittal, the State indicted Hernandez for a single count of indecency with a child by sexual contact. Specifically, the State alleged that on or about February 15, 2021, Hernandez touched Hailey's breast with his hands or fingers with the intent to arouse or gratify the sexual desire of any person. *See id.* § 21.11(a)(1).

Hernandez filed a habeas application seeking dismissal of the indictment. *See* Tex. Code Crim. Proc. art. 11.08(1) (authorizing applicant accused of felony to apply for habeas relief to judge of court in which indictment is pending). In his application, he argued that the prosecution was vindictive, that the indictment violated the prohibition against double jeopardy, and that the State was "barred by collateral estoppel and res judicata from retrying" him. In support of his double-jeopardy argument, Hernandez, citing the Court of Criminal Appeals' decisions in *Ex parte Peterson* and *Ex parte Pruitt*, asserted that the charges in the 2021 and 2024 indictments impermissibly arose from the same transaction or act; that the offenses should have been consolidated into a single trial; that "under the facts of this case, indecency by contact as alleged in the 2021 indictment is the same offense included in the 2024 indictment"; and that the breast-touching was "incidental to or subsumed within" the genital-touching alleged in the 2021 indictment.[3] *See Ex parte Pruitt*, 233 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Ex parte Peterson,* 738 S.W.2d 688, 690–91 (Tex. Crim. App. 1987).

The trial court held a hearing on the application at which it considered the parties' arguments. The court distinguished *Peterson*, emphasizing that the jury could not have implicitly found Hernandez not guilty of indecency for breast-touching because such conduct is not a

---

[3] Hernandez did not assert his argument under the subsumption doctrine on appeal.

3

predicate offense for continuous sexual abuse of a young child. *See* Tex. Penal Code § 21.02(c)(2) (expressly excluding indecency committed "by touching, including touching through clothing, the breast of a child"). Relatedly, the court added that although continuous sexual abuse and indecency with a child by sexual contact were "the same type of offense" and "the same level of offense," indecency was "not the same offense because it actually does fall under a separate penal code section."

The trial court denied the application, and neither party requested findings of fact or conclusions of law. This appeal followed.

## STANDARD OF REVIEW

An applicant for pretrial habeas relief bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). In reviewing a trial court's decision to grant or deny habeas relief, we view the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). "An abuse of discretion does not occur unless the trial court acts 'arbitrarily or unreasonably' or 'without reference to any guiding rules and principles,'" *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

In conducting our review, we afford almost total deference to the trial court's express or implied determinations of historical facts that are supported by the record, especially when the determinations are based on an evaluation of credibility and demeanor. *Ex parte Garcia*,

4

353 S.W.3d 785, 787 (Tex. Crim. App. 2011). We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of witness credibility and demeanor. *Ex parte Ali*, 368 S.W.3d 827, 831 (Tex. App.—Austin 2012, pet. ref'd). However, when the resolution of the ultimate question turns on an application of legal standards, we review the ruling de novo. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).

Because Hernandez's arguments concerning double jeopardy, res judicata, and collateral estoppel did not require the trial court to evaluate witness credibility or demeanor, we review them de novo. *See id.*; *see also State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007) (determining that "[a] decision to apply collateral estoppel is a question of law, applied to the facts, for which *de novo* review is appropriate"); *State v. Donaldson*, 557 S.W.3d 33, 40 (Tex. App.—Austin 2017, no pet.) (applying de novo standard of review because defendant raised "a double jeopardy claim that did not require the trial court to evaluate the credibility or demeanor of witnesses"); *In re A.R.*, 281 S.W.3d 526, 527 (Tex. App.—El Paso 2008, no pet.) (noting, in expunction case, that "[w]e consider whether *res judicata* was properly applied *de novo*").

**DISCUSSION**

In his first issue, Hernandez contends that "the 2024 indictment violates double jeopardy, and res judicata and collateral estoppel . . . bar[] the State from trying [him] in the current indictment." We consider these claims separately.

I.      **Double Jeopardy**

Hernandez argues that "retrying" him for indecency by breast-touching "violates double jeopardy because it is the same type of charge that was waived and abandoned" at trial.

5

Although he acknowledges that count two of the 2021 indictment alleged indecency by genital-touching, he stresses that the breast-touching allegation charged in the 2024 indictment "was in fact presented to the jury" during the trial and that because the jury acquitted him of continuous sexual abuse, the allegation is jeopardy-barred. He also argues that the charge of indecency by breast-touching "is for the same offense arising out of the same criminal episode that was or should have been consolidated into [one trial,] and the former prosecution resulted in an acquittal."[4] In support of the latter argument, he asserts that "[u]nder Texas law, multiple trials for two offenses from the 'same act' are not allowed because the Texas double jeopardy protections embody a carving doctrine type of protection against multiple trials for events arising from the same transaction." While he recognizes that "older versions of the carving doctrine have been rejected," he maintains, without citing authority, that "the fundamental principle that multiple charges arising from a single criminal episode should be tried together remains valid under modern double jeopardy jurisprudence."[5] The State responds that the indecency-by-breast-touching charge is

---

[4] For purposes of double jeopardy, it is enough to note that "[n]either the Federal nor State Constitutions nor Texas statutes prohibit multiple prosecution for two statutory offenses committed in the same transaction. The constitutional provisions speak of double jeopardy in terms of the 'same offense' rather than 'same transaction.'" *Ex parte McWilliams*, 634 S.W.2d 815, 823 (Tex. Crim. App. 1980).

[5] The "carving doctrine" was

a judicially created principle which prohibited successive prosecutions for offenses, even though separate and distinct, arising from the same transaction and requiring the same basic evidence for conviction . . . . The carving doctrine also prohibited the state from carving more than one offense out of a continuous assaultive act committed upon the same person during the same transaction . . . . The carving doctrine is no longer recognized in Texas and may not be used to prohibit the prosecution of separate offenses arising from the same criminal episode. Thus, the fact that there is a continuous sequence of events or assaultive acts directed toward one victim does not bar the prosecution from charging and attempting to convict the defendant on each separate offense that occurs during the course of the

legally and factually distinct from the charges in the 2021 indictment, that the carving doctrine is inapplicable, and that Hernandez's failure-to-consolidate argument is outdated and without merit.

The Fifth Amendment's Double Jeopardy Clause provides that "[n]o person shall be subject for the same offense to be twice put in jeopardy of life or limb."[6] U.S. Const. amend. V. The Amendment is made applicable to states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). "The Double Jeopardy Clause provides three types of protection: 1) protection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense following a conviction[;] and 3) protection against multiple punishments for the same offense." *Kuykendall v. State*, 611 S.W.3d 625, 627 (Tex. Crim. App. 2020).

This case concerns the first type of protection. The "threshold question" in evaluating this type of double-jeopardy claim is whether the defendant is being prosecuted for the "same offense." *State v. Perez*, 947 S.W.2d 268, 270 (Tex. Crim. App. 1997) (citing *United States v. Dixon*, 509 U.S. 688, 696 (1993)). "For Double Jeopardy purposes, '[t]he same offense means the identical criminal act, not the same offense by name.'" *Ex parte Goodbread*, 967 S.W.2d 859,

---

criminal transaction.

2 Texas Criminal Practice Guide § 51.02 (Matthew Bender & Co. ed., 2025); *see Aekins v. State*, 447 S.W.3d 270, 276 (Tex. Crim. App. 2014) (declaring that "the discredited 'carving doctrine' . . . was properly jettisoned" in *McWilliams*, 634 S.W.2d at 817).

[6] Hernandez argues that the 2024 indictment violated both the United States and Texas constitutions. *See* U.S. Const. amend. V; Tex. Const. art. I, § 14. The two constitutions' double-jeopardy provisions "provide substantially identical protections," *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997), and the Texas provision does not give greater rights or protection than the Fifth Amendment, *Ex parte Gutierrez*, 987 S.W.2d 227, 229 (Tex. App.—Austin 1999, pet. ref'd). We will, therefore, consider the complained-of violations together.

860 (Tex. Crim. App. 1998) (quoting *Luna v. State*, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973)). In a successive prosecution double jeopardy challenge, the defendant has the burden of proving former jeopardy by a preponderance of the evidence, which includes the burden of showing that the offense for which he is threatened with prosecution is the same offense as the one for which he has already been acquitted. *Cf. Donaldson*, 557 S.W.3d at 49 (collecting cases).

In determining whether two offenses are the same for double-jeopardy purposes, we must first ask whether they involve different statutes. *See Ex parte Castillo*, 469 S.W.3d 165, 168 (Tex. Crim. App. 2015). "When two distinct statutory provisions are at issue, we ordinarily determine legal sameness by applying the same-elements test to determine whether 'each provision requires proof of a fact which the other does not.'" *Id.* (quoting *Dixon*, 509 U.S. at 697); *see Blockburger v. United States*, 284 U.S. 299, 304 (1932) (establishing test "to determine whether there are two offenses or only one"). Under this approach, also known as the *Blockburger* test or cognate-pleadings approach, "courts must focus on the elements alleged in the charging instrument—not on the offense as defined in the Penal Code." *Garfias v. State*, 424 S.W.3d 54, 58–59 (Tex. Crim. App. 2014). The inquiry extends beyond statutory elements and includes "other critical elements of an accusatory pleading, such as time, place, identity, [and] manner and means." *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994); *see Garfias*, 424 S.W.3d at 58–59.

If the two offenses are instead legally the same, then we must determine whether they are also factually the same. *Castillo*, 469 S.W.3d at 169 (citing *Ex parte Benson*, 459 S.W.3d 67, 72 (Tex. Crim. App. 2015)). "We determine factual sameness by determining the allowable unit of prosecution and reviewing the trial record to establish how many units have been shown." *Id.* "The allowable unit of prosecution of an offense turns on statutory construction and usually requires ascertaining the gravamen, or gravamina, of the offense." *Id.* "After reviewing

8

the record, if a court concludes that the offenses are based on the same unit of prosecution, then the offenses are factually the same for successive prosecution purposes." *Id.* The burden is on the habeas applicant to prove both legal and factual sameness. *Id.*

The present case involves two acquittals for double-jeopardy purposes. The jury voted to acquit Hernandez of continuous sexual abuse of a young child. And because the State elected to proceed on only that charge and to abandon the count of indecency by genital-touching, the latter was likewise barred from being retried. *See Garza v. State*, 658 S.W.2d 152, 158 (Tex. Crim. App. 1982) (op. on reh'g), *overruled on other grounds by Ex parte McAfee*, 761 S.W.2d 771 (Tex. Crim. App. 1988) (recognizing "general rule" that election to proceed on one count after jeopardy attaches bars second trial on abandoned count); *see also State v. Blackshere*, 344 S.W.3d 400, 404 (Tex. Crim. App. 2011) (stating that jeopardy attaches in jury trial when jury is empaneled and sworn); *Ex parte Preston*, 833 S.W.2d 515, 522 (Tex. Crim. App. 1992) (explaining that "to preserve a portion of a charging instrument for future prosecution," State must take some affirmative action before jeopardy attaches and obtain trial court's consent). *But see Goodbread*, 967 S.W.2d at 862 & n.3 (Meyers, J., concurring) (positing that when State elects indicted offense at defendant's objection or request, jeopardy un-attaches as to unelected offense).

### A.    Continuous Sexual Abuse

Continuous sexual abuse of a young child and indecency with a child by sexual contact are distinct offenses codified in different sections of the Penal Code. *See* Tex. Penal Code §§ 21.02; .11. *See Floyd v. State*, 714 S.W.3d 9, 14 (Tex. Crim. App. 2024) ("Different statutes are 'some indication of legislative intent to authorize multiple prosecutions simply because the offenses are separately defined in different statutes.'" (quoting *Vick v. State*, 991 S.W.2d 830, 832

9

(Tex. Crim. App. 1999))). Count one of the 2021 indictment charged that Hernandez, "during a period that was 30 days or more in duration, . . . committed two or more acts of sexual abuse against Hailey," consisting of multiple violations of indecency by genital-touching—whether Hernandez's touching Hailey's genitals or causing Hailey to touch his genitals. *See* Tex. Penal Code § 21.02(b), (c)(2), .11(a)(1). The charge also alleged that "at the time or commission of each of the acts of sexual abuse, [Hernandez] was 17 years of age or older and [] Hailey . . . was a child younger than 14 years of age." Conversely, the 2024 indictment alleged that Hernandez, "with intent to arouse or gratify the sexual desire of any person, engage[d] in sexual contact with Hailey . . . , a child younger than 17 years of age," by touching her breast with his hands or fingers. *See id.* § 21.11(a)(1).

The two offenses, as pleaded, are not legally the same under the same-elements test; each contains elements that the other does not. Continuous sexual abuse of a young child "requires evidence of at least two acts of sexual abuse, perpetrated over the course of at least thirty days, against a child younger than 14 years of age." *Ramos v. State*, 636 S.W.3d 646, 653 (Tex. Crim. App. 2021) (distinguishing continuous sexual abuse and prohibited sexual conduct under *Blockburger* test). Indecency by breast-touching, conversely, requires only a single act and a child-victim younger than seventeen. It also requires that the defendant have touched the child-victim's breast. Although indecency with a child by sexual contact may serve as a predicate offense for continuous sexual abuse, indecency by breast-touching is explicitly excluded from the list of qualifying statutes. *See* Tex. Penal Code § 21.02(c)(2). Consequently, continuous sexual abuse and indecency by breast-touching are not the same offense for double-jeopardy purposes. *See Blockburger*, 284 U.S. at 304; *Castillo*, 469 S.W.3d at 168.

10

## B.    Indecency by Genital-Touching

Because indecency by genital-touching and by breast-touching are codified in the same statutory provision, *see* Tex. Penal Code § 21.11(c)(1), the *Blockburger* test does not apply, *Loving v. State*, 401 S.W.3d 642, 645 (Tex. Crim. App. 2013) (analyzing whether indecency with child by exposure and by contact were same offense).  Instead, we must determine whether the offenses are factually the same by looking to their allowable units of prosecution.  *See Castillo*, 469 S.W.3d at 169.

Sex offenses are "narrowly focused," and "statutes defining sex offenses minutely detail the prohibited conduct." *Hernandez v. State*, 631 S.W.3d 120, 124 (Tex. Crim. App. 2021). "The Legislature intended punishment for each prohibited act, not merely each 'incident.'" *Id.* Thus, "the allowable unit of prosecution for indecency with a child is sexual contact," and "[t]ouching the breast, anus, and genitals are distinct offenses" as are "separate acts of contact." *Id.*; *see Pizzo v. State*, 235 S.W.3d 711, 719 (Tex. Crim. App. 2007)[7] (explaining that sexual contact "criminalizes three separate types of conduct" depending on body part touched and that "each act constitutes a different criminal offense").  "In short, different body parts mean different crimes." *Hernandez*, 631 S.W.3d at 124.  This is so even when the acts of touching are "committed in close temporal proximity"; the defendant may still be convicted "for each separate act." *Banks v. State*, 494 S.W.3d 883, 889 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).  Ultimately, because the Legislature "has refused to group indecency by contact by transaction[,] . . . if a person touches the anus, breasts, and genitals of a child with the requisite intent during the same

---

[7]    The Court of Criminal Appeals has stated that although the definition of sexual contact was amended after *Pizzo* was decided, "the new definition reinforces our conclusion that the various types of activity found in the statute are separate offenses." *Loving v. State*, 401 S.W.3d 642, 648 (Tex. Crim. App. 2013).

11

transaction, the person is criminally responsible for three separate offenses." *Pizzo*, 235 S.W.3d at 718.

Because indecency with a child by genital-touching and by breast-touching have different allowable units of prosecution, the breast-touching allegation in the 2024 indictment was not jeopardy-barred by the State's election and abandonment of the genital-touching allegation during the trial on the 2021 indictment. *See Castillo*, 469 S.W.3d at 169.

The State was not prohibited by either count in the 2021 indictment from trying Hernandez on the indecency by breast-touching charge in the 2024 indictment. His double-jeopardy claim is without merit.

## II.    Res Judicata and Collateral Estoppel

Hernandez next argues that the State was barred by the doctrines of res judicata and collateral estoppel from bringing the indecency by breast-touching charge in the 2024 indictment. Specifically, he asserts that res judicata "prevents relitigating facts that have already been decided" and that because the jury "was aware of" the facts underlying the breast-touching charge when it acquitted him of continuous sexual abuse, "forcing [him] to 'run the gauntlet' a second time just so the state may hone its skills and attempt to convict him with a new jury seriously offends any notions of fairness that the criminal justice system affords defendants." He similarly argues that the State is collaterally estopped from retrying the breast-touching allegation because it "has been litigated and resulted in a judgment of acquittal for the offense of continuous abuse where Hailey Smith . . . testif[ied] about [his] alleged criminal conduct on the same date and time under the same circumstances, i.e. the same criminal episode."

The State responds that a res judicata defense is not cognizable in a pretrial habeas application and that the United States Supreme Court "has refused to apply broader civil-case-law res judicata '*same transaction*' principles to criminal cases[] and emphatically rejects arguments they are embodied in the 'Double Jeopardy' Clause." Concerning collateral estoppel, the State argues that Hernandez's claim is without merit or, alternatively, that collateral estoppel "is not embodied in the 'Double Jeopardy' Clause and does not apply to criminal cases."

Both Hernandez's res judicata and collateral estoppel claims refer substantively to issue preclusion, which is comprehended by the doctrine of collateral estoppel. *See Ex parte Watkins*, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002). The doctrine of collateral estoppel, in turn, "is embodied within the constitutional bar against double jeopardy." *Id.*; *see Ashe v. Swenson,* 397 U.S. 436, 445 (1970). When a claim of collateral estoppel is based on constitutional double-jeopardy principles, as laid out in *Ashe v. Swenson*, it is cognizable on a pretrial writ of habeas corpus, as is any double-jeopardy claim. *Watkins*, 73 S.W.3d at 273 (citing *Abney v. United States*, 431 U.S. 651, 660–61 (1977)); *see Ashe*, 397 U.S. at 445.

In *Ashe*, the Supreme Court explained that collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe*, 397 U.S. at 443, 445. The doctrine is applied in criminal cases "with realism and rationality," meaning that if a previous judgment of acquittal is based on a general verdict, a court must "'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *Id.* at 444 (quoting Mayers & Yarbrough, *Bis Vexari: New Trials and Successive Prosecutions*, 74 Harv. L. Rev. 1, 38–39

13

(1960)). In other words, the "very fact or point at issue in the pending case must have been determined in the prior proceeding," and "[t]he defendant must meet the burden of proving that the facts in issue were *necessarily* decided in the prior proceeding." *Murphy v. State*, 239 S.W.3d 791, 795 (Tex. Crim. App. 2007) (emphasis added). The test under *Ashe* "is a demanding one." *Currier v. Virginia*, 585 U.S. 493, 499 (2018). Collateral estoppel is rarely available to a defendant because it is usually not possible to determine on what basis a jury reached a verdict in a criminal case. *United States v. Citron*, 853 F.2d 1055, 1058 (2d Cir. 1988).

To determine whether collateral estoppel bars a subsequent prosecution or permits the prosecution but bars relitigation of certain specific facts, Texas has adopted the two-step analysis created by the Fifth Circuit in *Neal v. Cain*, 141 F.3d 207, 210 (5th Cir. 1998). *Murphy v. State*, 239 S.W.3d 791, 795 (Tex. Crim. App. 2007). Using the analysis, "a court must determine (1) exactly what facts were necessarily decided in the first proceeding, and (2) whether those 'necessarily decided' facts constitute essential elements of the offense in the second trial." *Id.* "The first prong is fairly simple; the particular fact litigated in the first prosecution, in which a final judgment was entered, must be the exact fact at issue in the second prosecution." *Id.* For jeopardy to attach to an issue in the first prosecution, the issue must also have been an "ultimate" rather than merely evidentiary fact. *York*, 342 S.W.3d at 551.

Hernandez has failed to prove that the question of his guilt as to the breast-touching allegation was necessarily decided during the trial on the 2021 indictment. He is correct that the jury heard evidence that he touched Hailey's breast during the alleged assault on February 15, 2021. However, his acquittal does not mean, as he suggests, that the jury found all of Hailey's testimony to be incredible or her allegations to be fabricated. The breast-touching allegation was not charged in the 2021 indictment, and indecency by breast-touching is expressly

14

excluded from the list of predicate offenses for continuous sexual abuse. *See* Tex. Penal Code § 21.02(c)(2). Hailey's testimony concerning the breast-touching allegation was precisely the sort of evidentiary fact for which jeopardy does not attach. *See York*, 342 S.W.3d at 551. As the trial court explained during a pretrial hearing,

> [The jury] could have not believed that the items alleged in the indictment happened, but they could have believed that the breast touching, which was not indicted, happened and acquitted him on the primary offense . . . . I don't think that an acquittal of one thing necessarily makes—is, you know, a final judgment of anybody's credibility or a finding on any offense.

Because a rational jury could have based its verdict on issues other than the truth of Hailey's breast-touching allegation, Hernandez has not met his burden of proving that the fact was necessarily decided at trial. *Ashe*, 397 U.S. at 444; *Murphy*, 239 S.W.3d at 795. The State is, consequently, not collaterally estopped from trying him on the indecency by breast-touching charge in the 2024 indictment.

Having concluded that the present prosecution is not barred by jeopardy or the doctrines of res judicata or collateral estoppel, we overrule Hernandez's first issue.

## III. Vindictive Prosecution

In his second issue, Hernandez contends that because the jury heard evidence of the breast-touching allegation during a trial on a charge for which he was acquitted, the present indictment amounts to vindictive prosecution. The State argues that prosecutorial-vindictiveness claims are not cognizable on pretrial habeas or, alternatively, that there was neither a presumption of vindictiveness nor actual vindictiveness demonstrated in the record.

Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). Whether a claim is cognizable

on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). When determining whether an issue is cognizable by pretrial habeas, courts consider a variety of factors, including whether the rights underlying the claims would be effectively undermined if not vindicated before trial and whether the alleged defect would bring into question the trial court's power to proceed. *Ex parte Perry*, 483 S.W.3d 884, 895–96 (Tex. Crim. App. 2016). Appellate courts should be careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be put before the appellate court at the pretrial stage. *See Ellis*, 309 S.W.3d at 79. "Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *see Ex parte Carter*, 514 S.W.3d 776, 785 (Tex. App.—Austin 2017, pet. ref'd).

Generally, a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the applicant's favor, it would deprive the trial court of the power to proceed and result in the applicant's immediate release. *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006). The Court of Criminal Appeals has limited a defendant's use of pretrial habeas to (1) challenges to the State's power to restrain him; (2) the manner of his pretrial restraint; and (3) issues which, if meritorious, would bar prosecution or conviction. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (per curiam).

Pretrial habeas is generally unavailable, on the other hand, "'when the resolution of a claim may be aided by the development of a record at trial.'" *Ingram*, 533 S.W.3d at 892 (quoting *Weise*, 55 S.W.3d at 620). The Court of Criminal Appeals has held that "an applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial, challenge a denial of a pretrial motion to suppress, or make a collateral estoppel claim that does not allege a double

16

jeopardy violation" because those issues "are better addressed by a post-conviction appeal." *Weise*, 55 S.W.3d at 620. Pretrial habeas should be reserved "for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Id.*

Outside of the habeas context, the United States Supreme Court has determined that the right to be free from vindictive prosecution "is simply not one that must be upheld prior to trial if it is to be enjoyed at all."[8] Only a narrow group of claims "meet the test of being 'effectively unreviewable on appeal from a final judgment,' and the claim of prosecutorial vindictiveness is . . . not one of them." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 270 (1982). Although a defendant may not be "haled into court" on a more serious charge in retaliation for exercising a protected legal right, *see Blackledge v. Perry*, 417 U.S. 21, 30 (1974), this does not mean that he is "entitled to be free of any retrial whatever," *Hollywood Motor Car*, 458 U.S. at 268. Such a defendant, rather, is "fully protected by post-conviction relief, leading to a new trial free of the taint of vindictiveness." *Id.* In this respect, a claim of prosecutorial vindictiveness is "more analogous to the speedy trial claim which [has been] held unreviewable under the collateral order doctrine." *Id.* at 267; *see Weise*, 55 S.W.3d at 620; *Perry*, 483 S.W.3d at 895.

We note that "vindictive-prosecution claims are not among those claims listed by the Court of Criminal Appeals as cognizable in a pretrial habeas application." *See Ex parte Estrada*, 573 S.W.3d 884, 894 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Weise*, 55 S.W.3d at 619–20). Because a claim of prosecutorial vindictiveness does not render a

---

[8] *Hollywood Motor Car* involved an interlocutory appeal from the denial of a motion to dismiss under 28 U.S.C. § 1291. *See United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 264 (1982).

defendant wholly free from prosecution and may be addressed through post-conviction proceedings, we find the court's decision in *Hollywood Motor Car* to be instructive with respect to the cognizability of such claims on pretrial habeas.[9] *See Ex parte Aparicio*, 707 S.W.3d 189, 214 (Tex. Crim. App. 2024) (Keller, P. J., dissenting), *cert. denied sub nom. Aparicio v. Texas*, 145 S. Ct. 2852 (2025) (stating, in selective-prosecution case, that "[t]he reason a vindictive-prosecution claim does not involve a right not to be tried seems to be that a right not to be subject to a trial motivated by vindictiveness is not the same as a right not to be tried"; it is "the vindictive motive of the prosecutor, not the trial itself, that creates the constitutional violation"); *see also State v. Gabaldon*, --- S.W.3d ---, ---, No. PD-0149-23, 2025 WL 2588858, at *14 (Tex. Crim. App. Sept. 3, 2025) (concluding that dismissal with prejudice "abused the trial court's power to neutralize the taint of prosecutorial vindictiveness" and modifying dismissal to be without prejudice). Thus, we agree with one of our sister courts, which has concluded that

> a vindictive-prosecution claim, by its very nature, is not among the claims for which pretrial habeas corpus relief lies. Its proper use requires a prior conviction that is reversed on appeal or vacated upon granting a new trial or the deprivation of a protected legal right whose resolution "may be aided by the development of a record at trial."

---

[9] Hernandez asserts that "[t]rial courts have discretion to dismiss an indictment with prejudice in cases of egregious prosecutorial misconduct." However, neither of the cases that he cites in support of his assertion involved a claim of prosecutorial misconduct raised on pretrial habeas. *See State v. Terrazas*, 962 S.W.2d 38, 42 (Tex. Crim. App. 1998) (determining that court of appeals erred by holding that trial court lacked authority to grant motion dismissing indictment); *State v. Hill*, 558 S.W.3d 280, 287 (Tex. App.—Dallas 2018, no pet.) (concluding that trial court did not abuse its discretion by granting motion to quash indictments in part because trial court could have determined that defendant was denied right to disinterested prosecutor).

*Estrada*, 573 S.W.3d at 895 (quoting *Ingram*, 533 S.W.3d at 892).  We conclude that the trial court did not abuse its discretion by rejecting Hernandez's prosecutorial-vindictiveness claim because such claims are not cognizable on pretrial habeas.  We overrule his second issue.

For the reasons discussed above, the trial court did not abuse its discretion by denying Hernandez's habeas application.  *Wheeler*, 203 S.W.3d at 324.

## CONCLUSION

Having overruled both of Hernandez's issues, we affirm the trial court's order denying his pretrial application for writ of habeas corpus.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis
  Concurring Opinion by Justice Triana

Affirmed

Filed:   January 9, 2026

Publish

19